IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW ALWARD, | : | No. 3:24cv1773 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| FEDERAL BUREAU OF PRISONS, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Matthew Alward ("Alward"), a federal inmate housed, at all relevant times, at the Low Security Correctional Institution, Allenwood, Pennsylvania ("LSCI-Allenwood"), filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Doc. 1). The court has screened the complaint pursuant to 28 U.S.C. § 1915A and will dismiss it with prejudice.

I. **Factual Background**

In the complaint, Alward names the following defendants: the Federal Bureau of Prisons, LSCI-Allenwood, and the Federal Correctional Institution, Cumberland, Maryland. (Doc. 1). Alward alleges that a counselor at LSCI-Allenwood, T. Noon, falsified documents and sexually assaulted him. (Id. at 1). Alward asserts that he sent an email to Prison Administrator Jeffrey Greene to

report the alleged misconduct and abuse. (Id.). Alward then alleges that Counselor Noon retaliated against him for reporting the abuse. (Id. at 1-2). For relief, Alward seeks expungement of a disciplinary report, restoration of sanctions, and a change to his custody classification score. (Id. at 2).

## II. Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2)[1]; 28 U.S.C. § 1915A[2]. The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to

---

[1] 28 U.S.C. § 1915(e)(2) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   (A) the allegation of poverty is untrue; or
   (B) the action or appeal—
      (i) is frivolous or malicious;
      (ii) fails to state a claim on which relief may be granted; or
      (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

(a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
   (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   (2)   seeks monetary relief from a defendant who is immune from such relief.

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (nonprecedential) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)).

### III. Discussion

#### A. Bivens Claims

In Bivens, the Supreme Court recognized an implied damages remedy for a Fourth Amendment violation committed by federal officials, whose conduct was not encompassed by the statutory remedy available against state actors under 42 U.S.C. § 1983. See Bivens, 403 U.S. at 397. The availability of Bivens as a cause of action is limited, and the United States Supreme Court "has plainly counseled against creating new Bivens causes of action." Vanderklok v. United States, 868 F.3d 189, 199 (3d Cir. 2017); see also Hernandez v. Mesa, 589 U.S. 93, 101-02 (2020) (stating that the "expansion of Bivens is a disfavored judicial activity," that "it is doubtful" that the outcome of Bivens would be the same if it were decided today, and that "for almost 40 years, [the Supreme Court] ha[s] consistently rebuffed requests to add to the claims allowed under Bivens."

3

(internal quotations marks and citations omitted)).  Since Bivens was decided in 1971, the Supreme Court "has repeatedly refused to extend Bivens actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." Vanderklok, 868 F.3d at 200.  The Supreme Court has recognized an implied private action against federal officials in only three cases: (1) Bivens itself—a claim under the Fourth Amendment against FBI agents for handcuffing a man in his own home without a warrant, Bivens, 403 U.S. at 389; (2) a claim under the Fifth Amendment against a Congressman for firing his female secretary, Davis v. Passman, 442 U.S. 228 (1979); and (3) a claim under the Eighth Amendment against prison officials for failure to treat an inmate's asthma, Carlson v. Green, 446 U.S. 14 (1980).

    The Supreme Court's decision in Ziglar v. Abbasi, 582 U.S. 120 (2017), sets forth a two-part test for determining whether a prospective Bivens claim may proceed.  First, courts must ascertain whether the case presents a "new context." Ziglar, 582 U.S. at 138.  If the case differs "in a meaningful way" from previous Bivens cases decided by the Supreme Court, "then the context is new." Ziglar, 582 U.S. at 139.  And the meaning of "new context" is "broad." Hernandez, 589 U.S. at 102.  Second, if the case presents a new context, the court must then consider whether "special factors" counsel against extending the Bivens remedy.

Hernandez, 589 U.S. at 102. This inquiry asks whether "the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" Egbert v. Boule, 596 U.S. 482, 492 (2022) (quoting Ziglar, 582 U.S. at 136). If a court concludes that "even a single reason" exists to pause "before applying Bivens in a new context," then special factors counseling hesitation exist and a Bivens remedy does not lie. Egbert, 596 U.S. at 492 (quoting Hernandez, 589 U.S. at 102) (internal quotation marks omitted).

The Supreme Court decision in Egbert reemphasizes that the continued refusal to "imply a similar cause of action for other alleged constitutional violations" is intentional—recognizing a new Bivens cause of action is "a disfavored judicial activity." Egbert, 596 U.S. at 491 (quoting Ziglar, 582 U.S. at 135). In a recent decision, the Third Circuit Court of Appeals analyzed Egbert and abrogated earlier decisions recognizing that its own extensions of Bivens were no longer tenable given recent Supreme Court decisions. Fisher v. Hollingsworth, 115 F.4th 197, 206 (3d Cir. 2024) (holding that the Supreme Court decision in Egbert "seriously undermines the rationale of Bistrian [v. Levi, 912 F.3d 79 (3d Cir. 2018)] and Shorter [v. United States, 12 F.4th 366 (3d Cir. 2021)]"—cases involving inmate-on-inmate assault). The Fisher court explained that Egbert "tightened the Ziglar test and, in doing so, made a strong statement

5

that lower courts should not extend Bivens beyond the contexts recognized in Bivens, Davis, and Carlson." Fisher, 115 F.4th at 204. Egbert's "new articulation" of the new context step of the Ziglar test "unequivocally narrows the universe of relevant cases to just three," i.e., Bivens, Davis, and Carlson. Fisher, 115 F.4th at 204. In yet another recent decision, the Third Circuit Court of Appeals expressly refused to extend Bivens to Eighth Amendment conditions of confinement claims brought by federally convicted prisoners because the Eighth Amendment claim was "far broader in scope than that in Carlson." Kalu v. Spaulding, 113 F.4th 311, 338 (3d Cir. 2024). Mindful of these decisions, the court proceeds with Ziglar's two-step analysis.

**1.    New Context**

The court construes Alward's claims as follows: (1) that Counselor Noon sexually harassed and assaulted him; (2) that Counselor Noon retaliated against him; (3) that defendants were deliberately indifferent to the risk of harm to Alward when they failed to protect him from the harassment and assault by Noon; and (4) that defendants miscalculated his custody classification points.

The Third Circuit Court of Appeals has expressly held that a Bivens remedy is not available for a federal inmate's claim that a prison guard violated his Eighth Amendment rights by sexually assaulting him. Kalu, 113 F.4th at 327-36. Additionally, the Supreme Court has explicitly held that "there is no Bivens action

for First Amendment retaliation." Egbert, 596 U.S. at 499; see also Vanderklok, 868 F.3d at 198, 209 (after Ziglar, but prior to Egbert, the Third Circuit recognized that its prior decisions that assumed the validity of a Bivens claim in a First Amendment context were no longer valid and held that Bivens did not afford a remedy against airport security screeners who allegedly engaged in a retaliatory prosecution against a traveler who exercised First Amendment rights). Next, Fisher controls the court's analysis of Alward's claim that defendants failed to protect him from an assault by Counselor Noon. Fisher holds that such a claim presents a new context for Bivens, and that Egbert abrogated the contrary holdings in Bistrian and Shorter. Fisher, 115 F.4th at 205-10. And, finally, the Supreme Court has never implied a damages remedy for an Eighth Amendment or Fourteenth Amendment claim based on the miscalculation of custody classification points. Hence, the court concludes that Alward's claims present new contexts for Bivens liability.

### 2. Special Factors

Having concluded that Alward's claims present new contexts, the court must determine whether "there are any special factors that counsel hesitation" in extending Bivens. Hernandez, 589 U.S. at 102 (internal quotation marks and alterations omitted) (quoting Ziglar, 582 U.S. at 136). If a court "ha[s] reason to

pause before applying Bivens in a new context or to a new class of defendants," then special factors counseling hesitation exist. Hernandez, 589 U.S. at 102. The court's special factors analysis is controlled by Fisher. In that case, the Third Circuit Court of Appeals recognized that the Bureau of Prisons' ("BOP") administrative remedy program is a special factor barring extension of the Bivens remedy to new contexts. Fisher, 115 F.4th at 207-08; see also Kalu, 113 F.4th at 346 ("The BOP's [administrative remedy program] is an 'administrative review mechanism[ ]' established by the political branches that 'foreclose[s] the need to fashion a new, judicially crafted cause of action.'" (quoting Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 68 (2001)). Therefore, the administrative remedy program bars this court from extending Bivens to the new contexts presented by Alward's claims.

    B.    Leave To Amend

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips v. Allegheny Cnty., 515 F.3d 224, 245 (3d Cir. 2008). The court will deny leave to amend as futile because Alward's Bivens claims fail as a matter of law.

## IV. Conclusion

The court will dismiss Alward's complaint with prejudice. (Doc. 1). An appropriate order follows.

Date: October 21st, 2024

JUDGE JULIA K. MUNLEY
United States District Court